Chris Mertens OSB 092230
Mertens Law, LLC
4411 NE Tillamook Street
Portland, OR 97213
Phone: (503) 836.7673
Fax: (503) 213.6000
Email: Chris@MertensCSBLaw.com

    Of Attorneys for Defendant
    Jeffrey A. Long, as Trustee for
    Elizabeth Steiner Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| In re:<br><br>**PHILIP MICHAEL GOLDFELD** and **ANNE ASHTON GOLDFELD**,<br>    Debtors.<br><br>**PHILIP MICHAEL GOLDFELD** and **ANNE ASHTON GOLDFELD**,<br>    Plaintiffs<br><br>v.<br><br>**JEFFREY A. LONG**, Trustee of **ELIZABETH STEINER TRUST** and **GRETCHEN STEINER PAN**<br>    Defendants. | Case No. 15-34500-rld7<br><br>Adversary Proceeding No. 15-03212-rld<br><br>DEFENDANT JEFFREY A. LONG, TRUSTEE OF ELIZABTETH STEINER TRUST'S MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) WITH CERTIFICATE OF SERVICE |

    Defendant, Jeffrey A. Long, as Trustee for the Elizabeth Steiner Trust (hereinafter the Trust), by and through his attorney, Chris Mertens of Mertens Law, LLC, hereby respectfully

requests that the court enter an order dismissing the complaint as to all claims as to the Trust. In the alternative, the Trust requests that the plaintiffs be directed to provide greater specificity in the complaint of actions alleged to have been taken by the Trust[1].

### Prefiling Conference Certification

Undersigned counsel hereby certifies that pursuant to Local Bankruptcy Rule 7007-1(1)(A) he conferred and made efforts to resolve the matter subject to the instant motion with plaintiffs' counsel prior to filing this motion. Undersigned counsel corresponded with plaintiffs' counsel on January 15, 2016 via email and requested conference with an outline of the position set forth in the instant motion. Plaintiffs' counsel responded requesting telephone conference the morning of January 19, 2016. Undersigned counsel and plaintiffs' counsel conferred re: the position set forth herein, and were unable to resolve the matter at that time. Undersigned counsel followed up with counsel and plaintiffs' co-counsel that same day. Plaintiffs' counsel confirmed that the matter would not be resolved via email correspondence sent January 20, 2016.

### Consent to Final Order and Judgment

The Trust consents to the entry of a final order or judgment by this court.

### Jurisdiction and Venue

Although the Trust asserts it is not a creditor of the underlying bankruptcy estate, the court likely has jurisdiction as a general core matter under 28 U.S.C. § 157(a) as it relates to the automatic stay under 11 U.S.C. § 362.

Venue is appropriate pursuant to 28 U.S.C. § 1409(a).

---

[1] All references to the Trust or action taken by the Trust refer to the Trustee taking action on behalf of the Trust, where appropriate.

## Introduction

The Trust requests that the Court dismiss the complaint against it pursuant to Fed. R. Civ. P. 12(b)(6), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7012. The complaint fails to both sufficiently and properly allege facts that would allow the court to find that the Trust violated the automatic stay. There are also no facts alleged that would allow the court to find the Trust liable for the alleged actions of co-defendant, Gretchen Steiner Pan (hereinafter Ms. Pan).

## Relevant Portions Of Complaint

Plaintiffs filed their complaint (the Complaint) instituting this adversary proceeding on December 19, 2015. (Doc. No. 1) The Complaint asserted four claims for relief. Complaint, ¶¶ 5-6, Doc. No. 1. The first three claims for relief all allege entitlement to various measures of damages under 11 USC § 362(k), including actual damages, punitive damages, and attorney fees and costs. Complaint, ¶¶ 5-6. The fourth claim requests relief under 11 U.S.C. § 105. Complaint, p. 6.

The complaint acknowledges the trust-beneficiary relationship between Ms. Pan and the Trust in paragraphs 3-5. Complaint, pp, 2. There are five other paragraphs where the Trust or trustee Mr. Long is mentioned directly or in passing:

1. In paragraph 6, in a multi-sentence allegation describing Ms. Pan's alleged actions related to the debtors' 341(a) hearing, plaintiffs allege, "Defendant Ms. Pan *with the assistance of defendant [Jeffery A. Long]* had falsely informed the federal authorities that the Plaintiffs were carrying firearms with them at the hearing." Complaint, ¶ 6 (emphasis added);

2. In paragraph 13 plaintiffs allege that the defendants collectively violated the stay when "they informed the authorities that the plaintiffs were armed at the hearing . . . ." without describing any specific acts of the Trust. *See* Complaint, ¶ 13;

3. In paragraph 14 plaintiffs allege that the defendants collectively willfully violated the stay when "they went online to post negative comments about the Plaintiffs . . . ." without describing any specific acts of the Trust. *See* Complaint, ¶ 13;

4. In paragraph 20 alleges a bare legal conclusion referring to the defendants' collective violation of the automatic stay. *See* Complaint, ¶ 13; and

5. In paragraph 23 the Defendants are referred to collectively alleging that "Defendants should be held in contempt of court pursuant to U.S.C. §105 [sic] and be ordered to pay compensatory damages to Plaintiffs in the amount of $25,000." *See* Complaint ¶ 23.

**Motion to Dismiss Standard**

A complaint shall be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) (made applicable in bankruptcy via Fed. R. Bankr. P. 7012(b)). The allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff when reviewed for dismissal under Fed.R.Civ.P. 12(b)(6). North Slope Borough v. Rogstad (In Re Rogstad), 126 F.3d 1224, 1228 (9th Cir. 1997) (citations omitted).

Motions to dismiss brought under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory.

Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). When a claim is adequately stated it must be supported by enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the cause of action. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). To that end, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Naert v. Daff, (In Re Washington Trust Deed Service Corp.), 224 B.R. 109, 112 (BAP 9th Cir. 1998).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

**Discussion**

1. The Complaint fails to plead facts sufficient to support a claim that the Trust violated the automatic stay.

The complaint only refers to one general inference that the Trust took any action to violate the automatic stay: concluding that the Trust "assisted" Ms. Pan in contacting federal authorities prior to the debtor-plaintiffs' 341(a) meeting. The mere mention in passing implying some conspiratorial connection between the trustee of a trust, and the beneficiary of said trust, where the trust is not a creditor of the debtor-plaintiffs is a conclusory allegation not based in fact that does not support a plausible claim for relief against the Trust. In fact, there is no specific allegation of action taken by the Trust that would allow the court, drawing on its judicial experience and common sense to find that the complaint states a plausible claim for relief against the Trust.

The general references to "the defendants," found in paragraphs 13, 14, 20, and 23 of the complaint lump the Trust in with the alleged actions of Ms. Pan, state general legal conclusions, and ignore the absence of facts that support the legal conclusions stated in the Complaint. The court need not accept these conclusory allegations as true. See Naert 224 B.R. at 119. The claims in the Complaint for relief for violation of the stay and civil contempt against the Trust are not supported by adequate fact or factual allegation to support a finding by the court that discovery will reveal evidence supporting the claims against the Trust, because there are no specific allegations of action taken by the Trust in the Complaint. Thus, no plausible claims for relief against the Trust were adequately pleaded.

Although this is not a motion for sanctions, the pleading standard under Fed. R. Bankr. P. 9011(b)(3) is instructive as to the standards set forth by the Supreme Court under Twombly and Iqbal. Plaintiffs' counsel, by signing the Complaint, alleges that the factual allegations against the Trust in the Complaint in fact have evidentiary support, or specifically alleges in the complaint that they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. See Fed. R. Bankr. P. 9011(a) & (b)(3). The closest clause in the complaint that alleges a factual allegation of the Trust's action is in paragraph six where it is alleged that the Trust "assisted" Ms. Pan in contacting the federal authorities. Complaint, ¶ 6. The Complaint fails to allege any acts by the Trust that comprise the conclusory verb of "assisted" and further does not allege that the allegation of assisted is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Nor did the facts reasonably available to plaintiffs support the allegation, as the Trust was not in fact a creditor of the debtor-plaintiffs, did not appear in the bankruptcy, nor or take part in the 341(a) meeting.

The complaint alleges no facts that imply the Trust took any action that would violate the automatic stay or subject it to sanctions.

    2.    The Complaint alleges no claim or facts that support the Trust's liability for the alleged violations of Ms. Pan.

The Complaint fails to allege a claim that would allow the trust to be liable for the purported actions of Ms. Pan. The Complaint does not allege any agency relationship between Ms. Pan and the Trust, or any authority that Ms. Pan had to act on behalf of the Trust. Thus, the complaint is deficient on its face to imply any theory or assertion of responsibility or liability of the Trust for the alleged actions of Ms. Pan.

    3.    Specific claims should be dismissed or amended and pleaded with greater specificity.

A. Claims 1 and 3 should be dismissed in part.

In addition to the reasons stated above for dismissal, and in the alternative, Claims 1 and 3 of the Complaint should be dismissed at least in part. Claim 1 alleges generally that plaintiffs suffered actual damages for violation of the automatic stay, without pleading any actual harm suffered. Claim 3 alleges that the plaintiffs specifically suffered harm in the form of attorneys' fees and costs for filing this adversary proceeding. Section 362(k) of the Bankruptcy Code includes attorneys' fees and costs in actual damages. 11 U.S.C. § 362(k). The Complaint does not allege any additional harm suffered by the plaintiffs as a result of the alleged actions of Ms. Pan. Thus, the claims are at best confusing and should be replead and consolidated, or should be otherwise be dismissed in part and consolidated.

B. Claim 2 should be dismissed.

In addition to the reasons stated above for dismissal, and in the alternative, Claim 2 should be dismissed or replead with greater specificity. Claim 2 does not allege any facts or

Page 7 of 10 — DEFENDANT ELIZABETH STEINER TRUST'S MOTION TO DISMISS

Mertens Law, LLC
4411 NE Tillamook St.
T (503) 836.7673 | F (503) 213.6000

Case 15-03212-rld    Doc 7    Filed 01/20/16

specific acts of the Trust or legal theories that would support a holding the Trust liable for Punitive Damages under 11 U.S.C. § 362(k). Thus, the second claim for relief should be dismissed as to the Trust.

Alternatively, the claim should be replead to clarify the plaintiffs' allegation. Paragraph 18 refers to the "defendant's" in the singular. With the purportedly violative actions being allegedly committed by Ms. Pan, it is reasonable to assume the allegation of claim is referring to her, but the confusion renders the Trust unable to adequately answer the allegation.

### C. Claim 4 should be dismissed.

A claim under 11 U.S.C. § 105(a) is not an applicable legal theory of recovery when the debtor is alleging stay violation under 11 U.S.C. § 362. "Walls made it clear that § 105(a), as a discrete statutory provision with its own standards and limitations, is simply not a vehicle for enforcing other provisions of the bankruptcy code." Dyer v. Lindblade (In re Dyer), 322 F.3d 1178, 1190 (9th Cir., 2003) (discussing Walls v. Wells Fargo Bank, 276 F.3d 502, 507 (9th Cir. 2002)). Thus, no action lies under § 105(a) where a party is pursuing relief under another provision of the code, here under § 362(k).

Alternatively, the claim should be more definitely plead, as paragraph 23 under Claim 4 refers to both singular "defendant's" and plural "defendants." The confusion renders the Trust unable to adequately answer the allegation and if not dismissed, the claim should be replead to allow for an adequate answer.

### **Conclusion**

The Complaint fails to allege sufficient facts of action taken by the Trust to support a theory of liability for stay violation against the Trust, and Claims for Relief 1-3 should be

Page 8 of 10 – DEFENDANT ELIZABETH
STEINER TRUST'S MOTION TO DISMISS

Mertens Law, LLC
4411 NE Tillamook St.
T (503) 836.7673 | F (503) 213.6000

Case 15-03212-rld    Doc 7    Filed 01/20/16

dismissed for failure to state a claim. Claim for Relief 4 is properly dismissed both because it not an applicable theory of recovery when seeking to enforce another provision of the bankruptcy code and because of an insufficiency of factual allegations to support recovery under 11 U.S.C. § 105(a).

WHEREFORE, defendant Jeffrey A Long, trustee for Elizabeth Steiner Trust, respectfully requests that the court:

a. Dismiss the complaint and each claims for relief against defendant Jeffrey A. Long, trustee for Elizabeth Steiner Trust;

b. In the alternative, order the plaintiff to amend the complaint to properly plead allegations identifying the acts of the trust alleged to support a claim under 11 U.S.C. § 362(k) or 11 U.S.C. § 105(a);

c. Grant the Trust leave to file a motion for sanctions under Rule 9011 and/or 11 U.S.C. § 105(a) for the costs and fees incurred in filing this motion in response to the improperly pleaded complaint; and/or

d. Grant such relief as the court deems just and equitable.

Respectfully Submitted this 20th day of January, 2016.

/s/ Chris Mertens
Chris Mertens, OSB #092230
Of Attorneys for Debtor

Page 9 of 10 — DEFENDANT ELIZABETH STEINER TRUST'S MOTION TO DISMISS

Mertens Law, LLC
4411 NE Tillamook St.
T (503) 836.7673 | F (503) 213.6000

Case 15-03212-rld    Doc 7    Filed 01/20/16

**CERTIFICATE OF SERVICE**

I certify that the foregoing Motion to Dismiss was served upon the following parties via ECF:

Erik Graeff, attorney for plaintiff-debtors; and that

A copy of the instant motion was put in envelopes with first-class postage and mailed to the following parties on January 20, 2016:

| Philip Goldfeld and<br>Anne Goldfeld<br>2945 NW Moda Way<br>Apt. 212<br>Hillsboro, OR 971247116<br><br>[Debtors] | Erik Graeff<br>Law Offices of Erik Graeff,<br>P.C.<br>2125 N. Flint Ave.<br>Portland, OR 97227<br><br>[Debtors counsel in A.P.] | Gretchen Steiner Pan<br>1311 SW Rockingham Dr.<br>Portland, OR 97223<br><br>[co-defendant] | ALEXZANDER ADAMS<br>14705 SW Millikan Way<br>Beaverton, OR 97006<br><br>[Debtors' counsel in main case] |
|---|---|---|---|

/s/ Chris Mertens
Chris Mertens, OSB #092230
Of Attorneys for Debtor