Law Offices of Erik Graeff, P.C.
2125 N. Flint Ave.
Portland, OR 97227
(971) 228-0014

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re ) | |
| ) | |
| Philip Michael Goldfeld ) | Case No.: 15-34500 |
| Anne Ashton Goldfeld ) | |
| ) | |
| Debtors. ) | |
| ) | |
| ──────────────────────── ) | Adv. Proc. No.:15-03212-rld |
| Philip Michael Goldfeld ) | |
| Anne Ashton Goldfeld ) | |
| ) | |
| Plaintiffs, ) | PLAINTIFF'S RESPONSE TO |
| ) | DEFENDANT GRETCHEN STEINER |
| ) | PAN'S MOTION TO DISMISS |
| vs. ) | PURSUANT TO F.R.C.P. 12(b)(6) |
| ) | |
| ) | |
| Jeffrey A. Long, Trustee of ) | |
| Elizabeth Steiner Trust ) | |
| ) | |
| and ) | |
| ) | |
| Gretchen Steiner Pan ) | |
| ) | |
| ) | |
| Defendants. ) | |

COMES NOW, Plaintiffs, by and through their attorney, Erik Graeff, and respond to Defendant Gretchen Stiener Pan's motion to dismiss.

BACKGROUND

Plaintiff filed this adversary proceeding case for violation of the automatic stay against two defendants, a

RESPONSE TO MOTION TO DISMISS- 1

Law Offices of Erik Graeff, P.C.
2125 N. Flint Ave.
Portland OR 97227
(971) 228-0014
(503) 389-7939 fax

Case 15-03212-rld    Doc 16    Filed 02/16/16

trustee and beneficiary of the trust. Both the trustee and beneficiary are listed on Schedule F of Plaintiff's bankruptcy petition filed 9/23/15.

POINTS AUTHORITY AND ARGUMENT

It is well established that "[c]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss[.]" *Dunn v. Castro*, 621 F.3d 1196, 1205 ((quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007))

*Magulta v. Samples*, 375 F.3d 1269, 1274-75 (11th Cir. 2004) (when reviewing a motion to dismiss for failure to state a claim, courts should read the complaint in its entirety); 5 Wright & Miller, Federal Practice and Procedure § 1286 (3d ed. 2004); 5B Wright & Miller, Federal Practice and Procedure § 1357 (3d ed. 2004).

Consideration of the Complaint as a whole demonstrates that it meets the requirements established under the Federal Rules. "[A] complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard is met where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

RESPONSE TO MOTION TO DISMISS- 2

Law Offices of Erik Graeff, P.C.
2125 N. Flint Ave.
Portland OR 97227
(971) 228-0014
(503) 389-7939 fax

Case 15-03212-rld    Doc 16    Filed 02/16/16

defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

A. <u>COMPLAINT SATISFIES THE PLEADING STANDARD</u>

Here, the Complaint presents detailed allegations of Plaintiffs' assertions sufficient to put defendant on notice for purposes of discovery. The allegations more than satisfy the federal pleading requirements. A review of the complaint as a whole demonstrates that Plaintiff is in no way relying upon mere legal conclusions or unreasonable inferences of the facts.

B. <u>COURT MUST TAKE AS TRUE ALL ALLEGATIONS OF MATERIAL FACT AND CONSTRUE THEM IN LIGHT MOST FAVORABLE TO PLAINTIFF</u>

Under FRCP 12(6)(b), "the bankruptcy court must take as true all allegations of material fact and construe them in a light most favorable to the nonmoving party," <u>In re Stoll,</u> 252 B.R. 492 (B.A.P. 9th Cir. 2000). Dismissal is appropriate "only if it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved." <u>NL Industries V. Symington</u>, 792 F.2d 896, 898 (9th Cir. 1986).

Ms. Pan as the sole beneficiary of the trust is a creditor. As a creditor, her action at the 341 hearing and her posting of the negative October 23, 2015 Oregonian online comments constitute a willful violation of the automatic stay. It is not a certainty that Ms. Pan is not a creditor. It is not

RESPONSE TO MOTION TO DISMISS- 3

**Law Offices of Erik Graeff, P.C.**
**2125 N. Flint Ave.**
**Portland OR 97227**
**(971) 228-0014**
**(503) 389-7939 fax**

Case 15-03212-rld    Doc 16    Filed 02/16/16

a certainty that her actions at the 341 hearing and her online postings are not a willful violation of the stay.

CONCLUSION

Plaintiff asks the court to deny the Defendant's motion to dismiss in its entirety. Plaintiff alternatively asks for leave to amend the complaint.

Dated: February 16, 2016

Law Offices of Erik Graeff P.C.

/s/ Erik Graeff
Erik Graeff, OSB #102169
Attorney for Plaintiffs

RESPONSE TO MOTION TO DISMISS- 4

Law Offices of Erik Graeff, P.C.
2125 N. Flint Ave.
Portland OR 97227
(971) 228-0014
(503) 389-7939 fax

CERTIFICATE OF SERVICE

I hereby certify that true copies of PLAINTIFF'S RESPONSE TO DEFENDANT GRETCHEN STEINER PAN'S MOTION TO DISMISS were served in the following manner and on the following parties on the date indicated below:

*Via regular mail*, postage prepaid in a sealed envelope addressed to;

Nicholas J. Henderson
Motschenbacher & Blattner LLP
117 SW Taylor St. Ste 300
Portland, OR 97204

*Via ECF on*:

US Trustee, Portland
USTPRegion18.PL.ECF@usdoj.gov

DATED: February 16, 2016

Law Offices of Erik Graeff, P.C.
/s/ Erik Graeff
Erik Graeff, OSB #102169
2125 N. Flint
Portland, OR, 97227
Ph. (971)228-0014
Attorney for Plaintiff

RESPONSE TO MOTION TO DISMISS- 5

Law Offices of Erik Graeff, P.C.
2125 N. Flint Ave.
Portland OR 97227
(971) 228-0014
(503) 389-7939 fax

Case 15-03212-rld    Doc 16    Filed 02/16/16